**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Zebadee Thomas ELLIOTT, Defendant-Appellant.**

**No. 28978
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 25, 1970.

Rehearing Denied June 29, 1970.

Guy B. Scott, Jr., Athens, Ga., Andrew J. Hill, Jr., Lavonia, Ga., for appellant.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

█ Appellant was charged with carrying on the business of a distiller without giving bond. He was found guilty by a jury and sentenced to two years on each count, the sentences to run concurrently.[1]

█ On appeal Appellant first objects to a statement made by the Assistant United States Attorney at the beginning of the trial. The prosecutor asked that an ATU agent be allowed to assist him at counsel table in presenting the case at trial. This was objected to by defense counsel. The prosecutor replied in a manner Appellant insists was objectionable and mistrialworthy:

> "Well, I don't get in the bushes and chase people or do anything like * * * that and I'd like to have him with me at the counsel table just like [defense attorney] wants his client to assist him."

The defense moved for a mistrial and was overruled. Appellant contends that a mistrial should have been granted because this is a statement of opinion, or because this indicates to the jury that the prosecutor has knowledge of what the evidence is and amounts to his testifying without being under oath.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

The Appellant's assumptions fail to credit the jurors with having lived in the real world for 21 or more years. The statement did not imply or transmit anything to the jury that was new or startling. We find no error here, but even if it were error, it was harmless under F.R.Crim.P. 52(a) as not affecting substantial rights.

Appellant raises two points of error with respect to the Court's charge. Concerning neither did he "objects thereto * * * stating distinctly the matter to which he objects and the grounds of his objection." F.R.Crim.P. 30. In view of this fact we can only reverse if we find plain error. F.R.Crim. P. 52(b).

█ One point is that the charge was objectionable in that it took away Appellant's mantle of innocence. The charge included this:

> "If and when the Government does *that*, then this presumption of innocence entirely disappears from the case because in the final analysis it is the evidence which should control a jury in the decision of factual issues."

Appellant misconstrues the meaning of this portion of the charge because he misreads the meaning of the antecedent of the word "that". It is found in the preceding sentence of the charge:

> "It is the burden and the duty of the Government to prove each charge and each and every essential ingredient of each charge beyond a reasonable doubt."

As read correctly there was no error, but if so, it does not amount to plain error.

█ The other contention is that the Court, in charging that custody of a still is enough to give rise to an inference of lack of registration which the defendant must overcome, erred in that it did not charge that custody must be proved beyond a reasonable doubt before the inference can arise. The Trial Judge had already charged the jury that the government had the burden of proving each

and every element of the offense beyond a reasonable doubt and that custody was an element of the offense. Thus he had charged exactly what Appellant wanted the jury to know. There was no reason to do it again.

Affirmed.